DRAZEN v. CURBY et al.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

TRADE UNIONS ⬤⇒4—EXPULSION—GROUNDS—JURISDICTION.

　　Plaintiff was a member of a local union affiliated with the United Brotherhood of Carpenters and Joiners of America, which, with other unions, was represented in a joint district council subsidiary to the general or-

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ganization and having power to adopt trade rules, which on approval by the local unions governed members within the council's jurisdiction. The constitution declared the objects of the Brotherhood to be the cultivation of the feeling of friendship among the craft and the assisting of each other to secure employment, and that any member endeavoring to create dissension or working against the interest of the Brotherhood shall be expelled, etc., dividing complaints against members into two classes, those charging a violation of trade rules, triable before a court appointed by the district council, with an ultimate appeal to the general executive board, and those involving a violation of the general constitution, triable by a trial committee of the local union on specific written charges, whose decision was ultimately appealable to the Brotherhood Convention. Plaintiff was tried by his local union for violating the general constitution by interfering with members trying to get a job, and with acting for an employer in obtaining employés at less than the prevailing rate of wages, and his conviction was affirmed by the General Convention. *Held*, that the offense charged was not a violation of trade rules, but a violation of the general constitution within the jurisdiction of the local union, so that his action to compel reinstatement and for damages would be dismissed.

[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. ☞4.]

Appeal from Special Term, New York County.

Action by Morris Drazen against James Curby, as president of the United Brotherhood of Carpenters and Joiners of America, and another. From the judgment for plaintiff, entered after trial, defendants appeal; and from the part awarding him damages, claimed to be insufficient, plaintiff appeals. Reversed, new findings directed, and complaint dismissed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Charles Maitland Beattie, of New York City, for appellants.
Anna Moscowitz, of New York City, for respondent.

DAVIS, J. The plaintiff brought this action to compel his reinstatement as a member of the United Brotherhood of Carpenters and Joiners of America, from which organization he had been expelled on December 23, 1907, after a trial before the trial committee of his local union, No. 774, and for money damages consequent upon his expulsion. He claims that his trial and expulsion were contrary to the constitution of the union and illegal, in that the tribunal which tried him was without jurisdiction.

The court at Special Term has found that the trial of the plaintiff before the committee appointed by the local union, No. 774, was unauthorized and contrary to the constitution and by-laws of the United Brotherhood of Carpenters and Joiners of America, and that the said committee of the local union had no jurisdiction to try the plaintiff on the charges presented. Judgment was rendered, reinstating the plaintiff and awarding him $900 damages. The defendants appeal from the whole judgment; and the plaintiff also appeals, but only from that part which awards him $900 damages, alleging the insufficiency of the damages.

The United Brotherhood of Carpenters and Joiners of America is a voluntary association of journeymen carpenters, with a membership

of about 200,000. It embraces many local unions in different parts of the country, to one of which, No. 774, the plaintiff belonged at the time of his expulsion. Besides the local unions, there is a body known as a "Joint District Council," made up of representatives from the local unions. It is a body subsidiary to the general organization, and is formed in localities where there are several local unions. It has power to adopt by-laws and trade rules, which, when approved by the local unions, govern the conduct of members within the territory under the jurisdiction of the council. The trade laws are therefore local in their application. Section 54, Constitution.

The Brotherhood has a complete and effective system of tribunals before which charges against members are brought for trial. There are also certain appellate tribunals to which appeals are taken from the decisions of the trial court. Through these courts the discipline and integrity of the organization are maintained. Under the system thus established, complaints against members are divided into two classes: First, those involving a violation of the general constitution; and, second, those charging a violation of trade rules.

As stated above, the trade rules are established by the Joint District Council, whose jurisdiction is local. A member charged with a violation of trade rules must be tried before a trial court appointed by his District Council. From the decision of the District Council, he has the right of appeal to the General President, and thence to the General Executive Board, whose decision is final. Constitution, §§ 55 and 211; By-Laws, Joint District Council, §§ 19a, 19e, 57. Charges other than those involving a violation of trade rules are tried exclusively by a trial committee of the local union. Constitution, §§ 193, 205. The charges must be in writing, and must specify the offense or offenses and the section of the constitution or by-laws violated, and be signed by the member or members making the charges. Constitution, § 202. The decision of the trial committee, with the evidence taken, must be submitted in writing to the local union, and a two-thirds vote of the local union is necessary to convict. Constitution, § 210. Appeals lie from the decision of the local union to the General President, thence to the General Executive Board, and thence to the Biennial Convention of the order. Constitution, §§ 42, 93. We thus see that violations of trade rules are tried in the District Council, the body creating them, while violations of the constitution are tried in the local unions.

The plaintiff was tried before the trial committee of his local union. The verdict of that committee was approved by the local union and plaintiff was found guilty. On appeal to the General President the action of the local union was sustained. On appeal to the Executive Board the decision was reversed. The local union then appealed to the General Convention, which reversed the Executive Board and affirmed the conviction of the plaintiff. In all these proceedings the plaintiff was represented by counsel, a member of the union. From the outset he objected to the jurisdiction of the local union to try him. He claimed that the written complaint against him charged him with a violation of a trade rule and that the offense was triable only before the District Council.

If the offense charged against the plaintiff was a violation of trade rules, the local union had no jurisdiction to try him, and the expulsion was illegal, and the judgment reinstating him is right.   The charge is as follows:

"Local Union No. 774, New York City,

"United Brotherhood Carpenters and Joiners of America,

"Headquarters, 167 E. 125th St.

"New York, Dec. 11th, 1907.

"To Mr. Morris Drazen:

"Dear Sir and Brother: You are hereby notified to appear at the headquarters of above local on Monday evening, December 16th, 1907, at eight o'clock, sharp, for the purpose of answering charges preferred against you by local Union 727.  Inclosed you will find an exact copy of charges.

"Fraternally yours,                              Andrew Holland, Rec. Sec.

"Copy of Charges Preferred by Local Union 727 against Morris Drazen of L. U. 774.

"To Honorary Members of Local Union 774:

"By a unanimous vote of this local I am instructed to prefer charges against Morris Drazen of your local for violating sections 190, 191, of the General Constitution for interfering with members trying to get a job on 139th street and Riverside Drive, also acting as an examiner for the boss to pick which is a good man and that does not demand the prevailing rate of wages, and many other complaints and grievances against.  We can furnish you with witness and other information.

"Fraternally yours,       .                       G. Levine, Rec. Sec.
                                                   "Y. Efrow, Pres.

"Complainant:  Abe Cohen."

The gist of these charges is that the plaintiff interfered with members of his union who tried to get work on a building at 139th street and Riverside Drive, and that he acted for the employer in obtaining workmen to work on the job at less than the prevailing rate of wages, all in violation of sections 190, 191, of the general constitution.   The charges are quite specific and leave the plaintiff in no doubt as to their import.   Section 190 of the constitution is as follows:

"Any  *  *  *  member who endeavors to create dissension among the members, or who works against the interest and harmony of the United Brotherhood  *  *  *  shall be expelled," etc.

It would seem clear that if the plaintiff, in the interest of the employer, deliberately prevented his fellow members of the Brotherhood from getting work unless they accepted less than the prevailing rate of wages, he would be guilty of violating the organic law of his organization.   Among the objects of the Brotherhood, as stated in section 3 of the constitution, are the cultivation of feelings of friendship among the craft and the assisting of each other to secure employment.   If the charges against the plaintiff are true, he violated the spirit and letter of the constitution as expressed in this section.

A reference to the report of proceedings at the trial before the local union discloses evidence tending to support the specific charges.   To one of the members seeking work on the 139th street job, the plaintiff said:

"What in the hell do you want here?  You will never get a job here."

He called other members, who were looking for work, a lot of thieves. He threw a brick at another, and offered others a job, if they would take $3.50 a day. In short, the evidence tended to show that the plaintiff tried to gain an advantage for his employer over the members of his union by the use of means condemned alike by law and good morals, and in violation of the constitution of his union. An examination of the by-laws of the Joint District Council and of the trade rules set forth therein will not show any trade rule the violation of which can be said to be included within the purview of the charges as preferred or the evidence adduced before the trial committee.

The court below found that the charges made against the plaintiff upon which he was tried were violations of trade rules, but the court did not specify what trade rule had been violated. Nor has the plaintiff indicated that rule in his pleadings. But in his brief he claims that a violation of section 54 of the by-laws of the Joint Council is the basis of the charge upon which he was tried. Obviously this section has no relation to the charge. It reads:

"Any member who does an unreasonable amount of work, or who acts as a leader for his employer for the purpose of getting all the work possible out of the men in the same shop or job with him, shall be fined," etc.

The offense described in this section is quite different from the offense of keeping fellow members out of work unless they agreed to violate the law of their union by accepting less than $5 a day, the minimum wage permitted by the union, and doing this by threats and other acts of violence. After the conviction of the plaintiff by his local union, the case took the regular course as prescribed in the constitution of the Brotherhood through various appeals to the General President, thence to the General Executive Board, and finally to the General Convention of the Brotherhood, where the conviction was finally approved. It is quite evident that the proceedings down to the appeal to the General Convention were fair and just, and unless some right of the plaintiff was infringed by the procedure before the General Convention we must conclude that the action of the organization in expelling the plaintiff ought to be upheld as substantially in accord with the law of the order.

The plaintiff not only contends that he should been tried for a violation of a trade rule by the Joint District Council, in which case the decision of the General Executive Board on the appeal would be final, but he also contends that the action of the General Convention was illegal and void, in that, if an appeal to the General Convention was proper, no notice was given to him of such an appeal, and that the only appeal made to the General Convention was from the demand or claim of the plaintiff for additional sick benefits, and further that such an appeal could not be taken by his own union, No. 774, but must be taken by the union that preferred the charges; i. e., No. 727.

The right of his own union to take the appeal is clear from sections 42 and 93 of the constitution. The nature of the appeal taken by the local union is shown in the notice of appeal. It is in due form and was sent to the plaintiff, although there is nothing in the constitution requiring the service of notice of appeal. The papers on appeal, in-

cluding the record of the trial before the local union, were referred to the committee on appeals and grievances of the convention, and considered by it, with the result that the judgment of the General Executive Board was reversed, and the judgment of the local union, expelling plaintiff, was affirmed.

Our conclusions are that plaintiff was charged with a violation of the constitution, that the local union had jurisdiction to try those charges, that the various appeals were conducted fairly and with a due regard to plaintiff's rights, and that the court ought not to disturb the decision of the Brotherhood expelling the plaintiff.

The judgment of the Special Term should be reversed, new findings made in accordance with these views, and the complaint dismissed, with costs. All concur.